UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHRISTOPHER CAMPBELL,

    Defendant.

Case No. 02-cr-40078-JPG-20

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Christopher Campbell's motion for an extension of time to file a notice of appeal of his judgment revoking his supervised release (Doc. 1205). The Court entered the revocation judgment on February 16, 2012 (Doc. 1195), and Campbell's *pro se* notice of appeal arrived at the courthouse on April 2, 2012 (Doc. 1206), 53 days after judgment was entered.

Federal Rule of Appellate Procedure 4 sets forth the timing rules relating to notices of appeal. Under Rule 4(b)(1) provides that, in a criminal case, generally a defendant must file any notice of appeal within 14 days of the later of (1) entry of the judgment or order from which the appeal is taken or (2) the government's notice of appeal. Fed. R. App. P. 4(b)(1)(A). The Court may extend the time to file a notice of appeal for excusable neglect or good cause. Fed. R. App. P. (b)(4). The Court may extend the deadline for no more than 30 days from the expiration of the 14-day period. *Id.*

The Court entered a judgment of revocation on February 16, 2012, and the government did not appeal that judgment. Therefore, Campbell had 14 days – until March 1, 2012 – to file a notice of appeal. The Court is therefore empowered to extend the deadline by 30 days to March 31, 2012. Campbell placed his notice of appeal into the prison mail system on March 28, 2012.

Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988), codified at Federal Rule

of Appellate Procedure 4(c)(1), that is the day he is considered to have filed the notice.

Therefore, if the Court grants an extension, Campbell's notice of appeal will be timely.

The Court finds Campbell has shown excusable neglect for failing to file a timely notice

of appeal. Whether neglect is excusable is an equitable question that the Court should decide

taking into consideration all the relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick*

*Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *McCarty v. Astrue*, 528 F.3d 541, 544 (7th Cir.

2008). Those circumstances include the danger of prejudice to the non-moving party, the length

of the delay and its impact on judicial proceedings, the reasons for the delay (including whether

the reason was in the movant's control) and the good faith of the movant. *Pioneer Inv. Servs.* ,

507 U.S. at 395; *McCarty*, 528 F.3d at 544.

The Court believes the government would not be prejudiced in the short delay in

Campbell's filing his notice of appeal. The government routinely defends criminal judgments on

appeal, and is likely to have kept all relevant evidence beyond the normal appeals period in

anticipation of a collateral attack. Furthermore, Campbell claims he asked his attorney to file a

notice of appeal in the courtroom after he was sentenced. While the Court does not remember

such a request (if it had heard the request, it would have docketed a notice of appeal for

Campbell), such an assertion suggests a miscommunication between Campbell and his counsel,

which threatens to arise again as an issue in a collateral attack. Rather than addressing the issue

down the road after memories have faded, the wiser course is to extend the time for filing a

notice of appeal so Campbell can take a direct appeal now. The Court further notes his delay in

filing was minimal and was likely due in part to his being in transit beginning the day after

judgment was entered and continuing for the entire appeal period, a matter over which he had no

control.  Finally, there is no suggestion of bad faith.

For these reasons, the Court **GRANTS** Campbell's motion for an extension of time to

file a notice of appeal (Doc. 1205) and **EXTENDS** the time pursuant to Federal Rule of

Appellate Procedure 4(b)(4) to March 28, 2012, rendering his notice of appeal timely.  The Court

**DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeal for use in

consideration of appeal no. 12-1770.

**IT IS SO ORDERED.**
**DATED: April 4, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**